640 N.W.2d 261 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Dejuan Marnell EDWARDS, Defendant-Appellant.
No. 119323, COA No. 231592
Supreme Court of Michigan.
March 12, 2002.
On order of the Court, the delayed application for leave to appeal from the April 13, 2001 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE in part the November 20, 2000 order of the Wayne Circuit Court denying defendant's motion for relief from judgment and REMAND this case to the Wayne Circuit Court for further proceedings in light of this order. The trial court suggested that defendant's motion for relief from judgment is a "collateral attack" and that defendant is thus barred from seeking relief. We conclude that the trial court failed to apply the text of the governing court rule. Under MCR 6.508(D)(3)(a) and (b), a defendant who alleges grounds for relief that could have been raised on appeal may establish entitlement to relief by demonstrating "good cause for failure to raise such grounds on appeal" and "actual prejudice from the alleged irregularities that support the claim for relief." A court may not avoid the plain language of this rule by labeling a motion filed under the rule as "collateral." On remand, the Wayne Circuit Court shall address whether defendant has met this burden of demonstrating good cause and actual prejudice. In making its determination under the rule, the court is directed to address defendant's argument that the trial court erred in accepting the pleas of nolo contendere without compliance with MCR 6.302, particularly as to advice on the right of confrontation, and his further argument that prior appellate counsel was ineffective for failing to pursue this claim. The court shall take further action as necessary to resolve defendant's motion for relief from judgment.
We do not retain jurisdiction.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
I would issue the following order:
On order of the Court, the delayed application for leave to appeal from the April 13, 2001 decision of the Court of Appeals is considered and, pursuant to MCR *262 7.302(F)(1), in lieu of granting leave to appeal, we VACATE in part the November 20, 2000 order of the Wayne Circuit Court denying defendant's motion for relief from judgment and REMAND this case to the Wayne Circuit Court for further proceedings in light of this order. Defendant's attack on his plea pursuant to MCR 6.500 et seq., is a direct appeal and not a collateral attack. The trial court erred in relying on People v. Ingram, 439 Mich. 288, 484 N.W.2d 241 (1992), in denying defendant's motion for relief from judgment. The Wayne Circuit Court is directed to address defendant's argument that the trial court erred in accepting the pleas of nolo contendere without compliance with MCR 6.302, particularly as to advice on the right of confrontation, and his further argument that prior appellate counsel was ineffective for failing to pursue this claim. The court shall take further action as necessary to resolve defendant's motion for relief from judgment.
We do not retain jurisdiction.